1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10 | **CHARLENE TOWNSEND, VIVIAN MENTA and DORINDA IRON CLOUD, heirs of decedent, MICHAEL ESPERANZA,** | Case No. 12-cv-2739-WQH (PCL)

11 | | **ORDER ON PLAINTIFF'S MOTION TO COMPEL**

12 | Plaintiffs,

13 | v.

14 | **IMERIAL COUNTY; and DOES 1 to 50, Inclusive,**

15 |

16 | Defendants.

17

18    Now before the Court is Plaintiff's Motion to Compel under Federal Rules of

19 Civil Procedure 37(a)(1). (Doc. 28.)

## I. STANDARD ON MOTION TO COMPEL

21    The moving party carries the  burden of informing the court of (1) which

22 discovery requests are the subject of his motion to compel, (2) which of the

23 defendants' responses are disputed, (3) why the responses are deficient, (4) the

24 reasons defendants' objections are without merit, and (5) the relevance of the

25 requested information to the prosecution of his action. See, e.g., Brooks v.

26 Alameida, No. CIV S–03–2343–JAM–EFB P, 2009 WL 331358, at *2 (E.D.Cal.

27 Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on

28 what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No.

CIV 02–05646–AWI–SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar.27, 2008)

1   ("Plaintiff must inform the court which discovery requests are the subject of his

2   motion to compel, and, for each disputed response, inform the court why the

3   information sought is relevant and why Defendant's objections are not justified.").

4   <u>Williams v. Adams</u>, 105-CV-00124AWISMSPC, 2009 WL 1220311 (E.D. Cal.

5   May 4, 2009).

6        When deciding whether to grant a motion to compel response to discovery

7   request or interrogatory, the court considers the prior efforts of the parties to

8   resolve the dispute, the relevance of the information sought, and the burden or

9   expense of production. <u>Barnes v. D.C.</u>, 289 F.R.D. 1 (D.D.C. 2012).

## II. RESOLVED DISCOVERY ISSUES

11        Subsequent to filing this Motion to Compel, several items have been

12   resolved and are now moot. Specifically, the following grounds for relief, as

13   designated in the Motion to Compel, have been resolved: (A) failure to verify

14   discovery responses; (C) failure to produce all responsive documents; (F) failure of

15   deponent Michael horn to thoroughly search and produce documents; (J) failure to

16   bates-number documents. (Doc. 28.) These issues have largely been resolved

17   through supplementation and cooperation of the Defendants. (<u>See</u> Doc. 33.)

18   Indeed, Plaintiffs do not address grounds A, C, F, or J in their Reply (Doc. 36),

19   ostensibly because these issues have been resolved.

## III. UNRESOLVED DISCOVERY ISSUES

21        The issues presented in Plaintiff's Motion to Compel which are unresolved

22   are: (B) failure to properly designate Persons Most Knowledgeable ("PMK"); (D)

23   failure to comply with Court orders; (E) failure to produce un-redacted versions of

24   documents; (G) withholding of documents based on an unidentified privilege; (H)

25   failure to produce all relevant, non-privileged documents related to the Death

26   Review Team; (I) failure to produce several color photographs; and (K) failure to

27   produce documents regarding suicide plans and training. (Doc. 36.)

28

**A. Failure to Properly Designate Persons Most Knowledgeable**[1]

Plaintiffs are requesting the Court to compel the Defendants to "specify which of their two PMK's will testify on each of the six categories in question." (Doc. 36, at 3.) Defendants have designated Michael Horn and Adela Sanchez as its PMK's, but have not identified to which categories of issues their status as PMK is responsive. (Doc. 33, at 7.) Plaintiffs assert that Defendant's first PMK, Michael Horn, was unable to knowledgeably testify regarding several PMK categories. Plaintiffs argue that this could have been avoided if Horn was designated as now requested.  (Doc. 36, at 3.)The second PMK, Adela Sanchez, has not yet been deposed. (Doc. 33, at 7.)

Defendant states it acted in good faith at all times in naming the individuals who would be the most qualified PMK's for each category; e.g., Michael Horn is the County's Director of Behavioral Health Services, and the head of the Death Review Team. (Id., at 8.) It follows that he should have been an appropriate PMK for several categories of questions, despite his apparent inability to answer questions at his deposition.

Thus, although it is clear that Defendants have acted in good faith in identifying their PMK's, the Court hereby orders Defendants to specify which categories of issues each of its PMK's is responsive to in order to help facilitate discovery.

**B. Failure to Comply with Court Orders**

On April 2, 2014, the Court ordered that Defendants provide: "names, dates of detention, and last known contact information" of juvenile wards. (Doc. 25.) Defendants produced names, dates, and addresses, but not telephone numbers. (Doc. 28-1, at 17; Doc. 33, at 11.) Defendants argue that telephone numbers are not

---

1.  This issue was designated and argued as "D" in Plaintiff's Motion to Compel. (Doc. 28, at 11-15.) The headings in this Order do not match the headings in Plaintiff's Motion.

1    within the meaning of "contact information." (Doc. 33, at 11.) The Court holds that

2    telephone numbers are "contact information," within the plain meaning of that

3    phrase.

4         The Court hereby orders Defendants to produce these telephone numbers.

5         **C. Failure to Provide Un-Redacted Copies of Certain Documents**

6         Plaintiffs request three documents in un-redacted version. (Doc. 28-1, at 18.)

7    Two of the three documents in question have been subsequently provided by

8    Defendants, in un-redacted form. (Doc. 33, at 12.) Only the "Imperial County

9    Juvenile Hall Detention Roster" is at issue. Defendants argue that this document is

10   protected by Welfare and Institutions Code 827. (Doc. 33, at 12.) Plaintiffs argue

11   that Section 827 does not apply. (Doc. 36, at 5.)

12        The Court withholds judgement on this issue at this time. The matter will be

13   discussed at an upcoming status conference.

14        **D. Withholding of Document Based on Unidentified Privileges**

15        Plaintiffs requested the "Imperial County Probation Department Letter re

16   Narrative of Michael Esperanza's History and General Report." (Doc. 28-1, at 21.)

17   Defendants state that they have identified the attorney-client privilege and attorney

18   work-product doctrine as applicable to this document, in a Privilege Log on

19   January 8, 2013. (Doc. 33, at 14.) Based on the attached exhibits, which verify this

20   contention, the Court denies this portion of the Motion to Compel at this time.

21        **E. Failure to Produce all Relevant, Non-Privileged Documents**

22        After several meet and confers, and numerous supplementation of responses,

23   it appears that Defendant has undergone significant and good faith efforts to

24   produce all such documents. (Doc. 33.) Therefore, the Court denies sections (C),

25   (H), (F), and (K) of the Plaintiff's Motion to Compel.

26        **F. Failure to Produce Color Photographs**

27        Plaintiffs requested color copies of sixteen photographs. (Doc. 28-1, at 25.)

28   Defendants state they have fully complied with this request. (Doc. 33, at 15.)

Plaintiffs state in their Reply that they only received thirteen of the sixteen. (Doc. 36, at 9.) The Court orders Defendants to produce the remaining color photographs.

## IV. SANCTIONS

The Court is satisfied that Defendants have acted in good faith. Although perhaps slow to produce some documents, the Court recognizes that Defendant is a large and sometimes unwieldy County with many departments, individuals, files, and programs. The prompt supplementation of discovery responses demonstrates a willingness and forthcoming approach to the discovery process. No sanctions are to be imposed at this time.

## V. ENLARGEMENT OF DEPONENTS

Plaintiffs state they "have been unable to get the information they need to adequately represent their clients" through the documents produced. (Doc. 28-1, at 29.) They therefore request an increase in the statutory limit of ten deponents. Defendants argue that this is an inadequate showing of cause. (Doc. 33, at 17.)

"The district court is given broad discretion in supervising the pretrial phase of litigation." The court may modify the discovery deadline only for good cause. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir.1992)); Fed.R.Civ.P. 16(b)(4).

Under Federal Rule of Civil Procedure 30(a), a party may take ten (10) depositions without leave of court. The court may alter the limit on the number of depositions provided under Rule 30. Fed.R.Civ.P. 26(b)(2)(A) & 30(a)(2)(A)(I). "Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)." Fed.R.Civ.P. 30(a) advisory committee's note (1993 Amendment). Thus, the court considers whether the discovery sought is cumulative or duplicative, or can better be obtained from some another source; whether the party seeking discovery has had ample opportunity to obtain the information by

1   discovery in this action; and whether the burden or expense of the proposed

2   discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C).

3          Based on the several delays in production, the general confusion and

4   disagreement of the parties on basic discovery issues, and in the interests of justice,

5   the Court enlarges the number of depositions from ten to thirteen; three additional

6   depositions will be allowed.

7

8          **IT IS SO ORDERED.**

9

10  DATED: <u>May 16, 2014</u>, 2014

11                                                          Peter C. Lewis
                                                            United States Magistrate Judge

12

13  cc:     The Honorable William Q. Hayes

14          All Parties and Counsel of Record

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12-CV-2739-WQH (PCL)