IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLENE TOWNSEND, VIVIAN MENTA and DORINDA IRON CLOUD, heirs of decedent, MICHAEL ESPERANZA,**<br><br>Plaintiffs,<br><br>v.<br><br>**IMPERIAL COUNTY; and DOES 1 to 50, Inclusive**,<br><br>Defendants. | Case No. 12-cv-2739-WQH (PCL)<br><br>**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFFS' NOTICE OF DEPOSITION OF GEOFFREY HOLBROOK AND REQUEST FOR DOCUMENTS** |

## I. INTRODUCTION

Now before the Court is Defendant's Motion for Protective Order as to Plaintiffs' Notice of Deposition of Geoffery Holbrook and Request for Documents, filed on May 2, 2014. (Doc. 30.)

According to his declaration, Mr. Holbrook's involvement in this litigation stems from his role as Senior Deputy County Counsel for the Defendants, County of Imperial and his placement on the Death Review Team responsible for investigating Michael Esperanza's death. (Id. at 11.) Mr. Holbrook has provided legal advice to Defendant's counsel, and his "singular role" as a member of the Death Review Team was to provide legal advice. (Id. at 11.)

/ / /

/ / /

## II. DISCUSSION

Federal law authorizes federal courts to issue protective orders in connection with discovery. F.R.C.P. Rule 26(c). The Court may, for good cause and after good faith attempts by the parties to resolve the dispute without court action, issue an order to protect a party or person. (Id.) Any such order, however, requires that the court's determination "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." Phillips v. Gen. Motors, 307 F.3d 1206, 1212 (9th Cir.2002). Generally, "those opposing discovery are required to carry a heavy burden of showing why discovery should be denied." Blankenship v. Hearst Corp., 519 F.2d 418 (9th Cir. 1975).

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prohibit taking the deposition of an opposing party's attorney. Shelton v. America Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1986); Johnston Development Group, Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 352 (D.N.J.1990). In fact, Rule 30(a) of the Federal Rules of Civil Procedure permits a party to take the testimony of "any person " by deposition, without leave of court. The Rule sets forth certain exceptions to this provision, none of which exempt a party's attorney from being subject to deposition. See NFA Corp. v. Riverview Narrow Fabric, Inc., 117 F.R.D. 83, 84 (D.N.C.1987).

Citing the lack of any prohibition in the Federal Rules against obtaining the deposition of adverse counsel, at least one court has held that a party seeking a protective order to preclude its attorney's deposition must bear the burden, under Rule 26(c) of the Federal Rules of Civil Procedure, of demonstrating good cause to preclude or limit the testimony. Johnston, 130 F.R.D. at 352, citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir.1986).

However, other courts have held that because of the negative impact that deposing a party's attorney can have on the litigation process, the taking of opposing counsel's deposition should be permitted only in limited circumstances,

and that the party seeking to depose another party's attorney must demonstrate the propriety and the need for the deposition. Shelton, 805 F.2d at 1327; Harriston v. Chicago Tribune Company, 134 F.R.D. 232, 233 (N.D.Ill.1990); Hay and Forage Industries v. Ford New Holland, Inc., 132 F.R.D. 687, 689 (D.Kan.1990); West Peninsular Title Company v. Palm Beach County, 132 F.R.D. 301, 302 (S.D.Fla.1990); Advance Systems, Inc. of Green Bay v. APV Baker PMC, Inc., 124 F.R.D. 200, 201 (E.D.Wis.1989); NFA Corp., 117 F.R.D. at 85. For example, when a party's attorney is a fact witness, such as an "actor or a viewer." Am. Cas. Co. of Reading, Pa. v. Krieger, 160 F.R.D. 582, 589 (S.D.Cal.1995). Under these circumstances, courts allow depositions of an opposing party's attorney where the party seeking to take the deposition can show that: "(1) No other means exist to obtain the information than to depose opposing counsel; (2) The information sought is relevant and nonprivileged; and (3) The information is crucial to the preparation of the case." Id. at 589; See also Light Salt Investments, LP v. Fisher, 13CV1158-MMA-DHB, 2013 WL 3205918 (S.D. Cal. June 24, 2013) (applying Kreiger's three prong test when analyzing motion for protective order to prevent deposition of counsel).

Both parties have argued extensively in their moving papers regarding the applicability of Shelton v. America Motors Corp., *supra*, which would put the burden to show good cause on the party seeking to depose counsel, and require the application of the above three-prong test. Shelton, 805 F.2d at 1327.

Plaintiffs argue that *Shelton* does not apply because Holbrook is not "litigation counsel," as defined in a case outside the Ninth Circuit, United States v. Phillip Morris Inc., 209 F.R.D. 13, 17 (D.D.C. 2002) (holding, *inter alia*, that *Shelton* applies only to "trial counsel or counsel directly involved in representing a party in the case.") (Doc. 37, at 15.)

/ / /

Defendants argue that *Shelton* does apply. (Doc. 39, at 6.) Defendant's

authority is also a case outside the Ninth Circuit, Gruenbaum v. Werner Enterprises, Inc., 270 F.R.D. 298, 309-10 (S.D. Ohio 2010) (holding, *inter alia*, that *Shelton* applies to protective orders for depositions of in-house counsel.) (Doc. 39, at 6.)

The most recent and analogous cases from the Southern District of California apply *Shelton*. Am. Cas. Co. of Reading, Pa. v. Krieger, *supra*; Light Salt Investments, LP v. Fisher, *supra*.

In *Krieger*, similar to the case at hand, a protective order was sought to prevent deposing "associate counsel," who assisted litigation counsel in preparing pleadings and the discovery process, and who "play[ed] no role in the present case." Krieger, *supra* at 588-89. The court noted that the deposition "will not cause the disruption that would be engendered by the taking of depositions of a party's lead litigation counsel," but that "the danger still exists that the attorney-client privilege and/or the work product doctrine may be implicated" in light of the attorney's role in the litigation. Id. The court then applied the three *Shelton* criteria in analyzing the motion for protective order. Id.

In *Light Salt Investments*, a protective order for deposition of non-party corporate counsel was sought. Light Salt Investments, LP v. Fisher, *supra* at *2. The court recognized that the corporate counsel did not represent any part in the case, and that technically the attorney was not adversary counsel. Id. Nonetheless, in determining whether the plaintiff should be allowed to depose a non-party's corporate counsel, the court applied *Shelton* through citation of *Krieger*. Id. at *2-3.

Thus, whether or not Mr. Holbrook is "litigation counsel," in determining whether to grant a protective order preventing his deposition the Court will apply *Shelton*'s three-prong test: (1) No other means exist to obtain the information than to depose opposing counsel; (2) The information sought is relevant and non-privileged; and (3) The information is crucial to the preparation of the case."

*Shelton*, *supra,* at 1327.

Ostensibly, Plaintiff's intention in deposing Mr. Holbrook is to procure non-privileged information regarding the findings of the Death Review Team and a history of the Team's meetings. In fact, Plaintiff lists several intended deposition-question themes to this effect. (Doc. 37, at 9.) If true, and the information sought from Mr. Holbrook is specific only to the Team, and not to Mr. Holbrook as associate counsel, Plaintiffs will find as much purchase with any member of the Team as Mr. Holbrook. As Defendants point out in their Reply, there are seven members of the Death Review Team. (Doc. 39, at 7.) Plaintiffs have taken depositions of only two members of the team. (Id.) Thus, other than Mr. Holbrook, there are four members of the Team from whom Plaintiffs could seek information.

The course which best preserves the concerns of *Shelton* is avoiding the immediate deposition of Mr. Holbrook. Deposing a different Team member will avoid "the danger... that the attorney-client privilege and/or the work product doctrine may be implicated," in light of Mr. Holbrook's role as County counsel. See Krieger, *supra* at 588-89.

Thus, it is clear that Plaintiff's have not exhausted all avenues to the information they seek; *Shelton*'s first prong has failed. The Court does not deign to consider the remaining *Shelton* prongs, as the three are a conjunctive predicate to the taking of opposing counsel's deposition. Shelton, *supra*, at 1327.

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

The Court **GRANTS** Defendant's Motion for a Protective Order as to Plaintiff's Notice of Deposition of Geoffery Holbrook and Request for Documents. (Doc. 30.)

**IT IS SO ORDERED.**

DATED: May 19, 2014

Peter C. Lewis
United States Magistrate Judge

cc: The Honorable William Q. Hayes
     All Parties and Counsel of Record