UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE TOWNSEND, VIVIAN MENTA and DORINDA IRON CLOUD, heirs of decedent, MICHAEL ESPERANZA,<br><br>Plaintiff,<br>vs.<br>IMPERIAL COUNTY; and DOES 1 to 50, Inclusive,<br><br>Defendant. | CASE NO. 12-CV-2739-WQH (PCL)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Plaintiffs' Notice of Motion and Motion in Support of their Objections to and Request for Reconsideration by the District Court of the Magistrate's Ruling/Order. (ECF No. 46).

**BACKGROUND FACTS**

On November 9, 2012, Plaintiffs, heirs of decedent Michael Esperanza, filed an action against Defendant Imperial County for negligence; negligent hiring, training, supervising; and deprivation of rights under color of state law in violation of 42 U.S.C. § 1983. Plaintiffs allege that Esperanza committed suicide while an inmate at the Imperial County Juvenile Hall, and that his death was caused by the negligence and wrongful conduct of Defendant Imperial County and its employees. After Esperanza's death, representatives of Imperial County Departments were assigned to participate in a "Death Review Team" conducting an investigation into the facts and circumstances

of his death. Geoffrey Holbrook, the Senior Deputy County Counsel of Imperial County, was on the Death Review Team.

On May 2, 2014, Defendant Imperial County moved the Court for a Protective Order precluding Plaintiffs from taking the deposition of Geoffrey Holbrook. Defendant asserted that Holbrook's only role in this case has been to dispense legal advice to the County concerning legal questions that have arisen related to this lawsuit. (ECF No. 30).

On May 14, 2014, Plaintiffs filed a response. Plaintiffs explained that they do not seek to question Holbrook on matters protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Plaintiffs asserted that they are entitled to question Holbrook about matters relating to documents, minutes, and discussions of the Death Review Team which conducted an investigation into the facts and circumstances surrounding Esperanza's death.

On May 19, 2014, United States Magistrate Judge Peter C. Lewis filed an Order granting Defendant's Motion for a Protective Order as to Plaintiff's Notice of Deposition of Geoffery Holbrook and Request for Documents. (ECF No. 41). The Magistrate Judge found that the three-pronged test in *Shelton v. America Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) provides the proper standard to determine whether Plaintiffs should be allowed to depose county counsel in this case. The Magistrate Judge found that Plaintiffs had not exhausted all other avenues to the information they seek and that Plaintiffs should be required to seek the information from other members of the Death Review Team before deposing Holbrook. The Magistrate Judge found that this course of action may "avoid 'the danger...that the attorney-client privilege and/or work product doctrine may be implicated,' in light of Mr. Holbrook's role as County counsel." (ECF No. 41 at 5, quoting *Am. Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 588-89 (S.D. Cal. 1995)).

On May 30, 2014, Plaintiffs filed Objections to and Request for Reconsideration by the District Court of the Magistrate's Ruling/Order. (ECF No. 46). Plaintiffs

concede that "internal risk management by County Counsel in anticipation of litigation is protected by the attorney-client privilege and/or the attorney work-product doctrine." *Id.* at 6.  Plaintiffs assert that "the mandated role of investigation of the facts and circumstances of this death pursuant to County policy and State law for the submission of a report to the Attorney General and the Corrections Standards Authority is <u>not</u> an internal risk in anticipation of litigation which would be protected by the attorney-client privilege and/or the attorney work product doctrine." *Id.*  Plaintiffs request that this Court reconsider the ruling of the Magistrate Judge and deny Defendant's Motion for Protective Order.

Defendant opposes reconsideration.  Defendant asserts that Holbrook's communications as a member of the Death Review Team occurred at a meeting of an attorney with his clients.  Defendant asserts that Holbrook's functioned at the Death Review Team as County Counsel providing legal advice in the context of the attorney-client relationship.  Defendant asserts that it was the function of the Death Review Team to investigate the facts and circumstances surrounding Esperanza's death and the function of Holbrook to act as the attorney for the County.  Defendant asserts that the Magistrate Judge correctly found that Plaintiffs had not exhausted all avenues to obtain the information they seek and that Plaintiffs should not be permitted to depose County Counsel at this stage in the proceedings.

## APPLICABLE STANDARD

Pursuant to Fed. R. Civ. P. 72(a), provides in relevant part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

A magistrate judge's nondispositive order may be set aside or modified by a

district court only if it is found to be clearly erroneous or contrary to law. *Bhan v. Hospitals, Inc.* 929 F.2d 1404, 1414 (9th Cir. 1991). Matters concerning discovery generally are considered nondispositive of the litigation. *See id.*

## RULING OF THE COURT

Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes the courts to issue a protective order "for good cause." Fed. R. Civ. P. 26(c)(1). In this case, the Magistrate Judge acknowledged the "heavy burden of showing why discovery should be denied" and noted that "[n]either the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prohibit taking the deposition of an opposing party's attorney." (ECF No. 41 at 2). The Magistrate Judge applied the three-prong test in *Shelton v. America Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) in which the Court explained:

> We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

805 F.2d at 1327 (citation omitted). The Magistrate Judge determined that Plaintiff should not be allowed to take the deposition of county counsel because other avenues to the information they seek have not been exhausted.

The factual finding that other avenues exist for the information, that is, other members of the Death Review Team can be deposed, is not clearly erroneous and the conclusion that those other avenues should be exhausted prior to the deposition of Holbrook is not contrary to law. *See e.g., Pastrana v. Local 9509, Communication Workers of America, AFL-CIO*, 2007 WL 2900477, at *2(S.D.Cal. 2007) ("*Shelton* [] is generally regarded as the leading case on attorney depositions.") (collecting cases applying *Shelton*). This Court concludes that the Order of the Magistrate Judge was not clearly erroneous or contrary to law.

IT IS HEREBY ORDERED that Plaintiffs' Notice of Motion and Motion in

Support of their Objections to and Request for Reconsideration by the District Court of the Magistrate's Ruling/Order (ECF No. 46) is denied.

DATED: July 28, 2014

**WILLIAM Q. HAYES**
United States District Judge